IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.   14-cv-645-DRH-PMF |
| ) | |
| LAURA M. WRIGHT, RICHARD A. ) | |
| WRIGHT, JR., ROBERT HILL, ) | |
| and PEGGY HILL, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT DECREE AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

**Herndon, District Judge:**

On June 5, 2014, the United States of America ("USA") commenced the above-captioned mortgage foreclosure suit against Laura M. Wright, Richard A. Wright, Jr., Robert Hill, and Peggy Hill.  The parcel of property in question is located in McClure, Illinois, which lies within this Judicial District.  Defendant were properly served herein but failed to move, answer, or otherwise plead in response to the complaint.  Based on that failure, the USA secured the Clerk's entry of default on November 17, 2014, pursuant to Federal Rule of Civil Procedure 55(a).

Now before this Court is the USA's motion for default judgment under Rule 55(b).  Having carefully reviewed the record, the Court **GRANTS** the motion for default judgment (Doc 13), after **FINDING** as follows:

1.   This Court has jurisdiction of the parties to and subject matter of

this suit.  The Defendants were properly served and having failed to answer or otherwise enter any appearance herein, are properly defaulted.

  2. The USA, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, made a loan to Oscar O. Brown and Peggy M. Brown, secured by a mortgage dated April 10, 1985 (Exh. A of the complaint), in the total principal amount of $33,000.00 (this mortgage was assumed). The mortgage was recorded on April 10, 1985, in Mortgage Record Book 251, Pages 172-175, as Document No. 8492, Alexander County, Illinois. The loan is evidenced by a promissory note dated April 10, 1985 (this mortgage was assumed) (Exh. B). Defendants, Laura M. Wright, and Richard A. Wright, Jr., defaulted on the note.  On July 12, 2012, the USA, acting through the United States Department of Agriculture, Rural Development, issued notices of acceleration (Exh. H).

  3. The following persons may have claimed an interest in the above described property, but are foreclosed from asserting their claim, if any, because of their default in this action:   Laura M. Wright, Richard A. Wright, Jr., Robert Hill, and Peggy Hill

  4. By virtue of the mortgage and indebtedness thereby secured, the USA has a valid and subsisting lien as follows:

Common address:  25856 Market Street, McClure, Illinois 62957-4149

The East One-Half (E 1/2) of Lot Seven (7) and Lot Eight (8), in Block Five (5),   in the Town of McClure, County of Alexander, State of Illinois.

Subject to the restrictions, easements, rights-of-way and covenants of record.

Permanent Index No. 18-03-03-053-010

5.  By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, the following amounts are due to the USA:

(a)  U.S. Attorney's docket and recording fees............ $ 430.00

U.S. Marshals costs for service of summons ........ $ 459.56

Fee to publish notice of pendency of action ......... $ 1,009.80
Title expenses ....................................................... $ 778.00

TOTAL ........................................................ $ 2,677.36

(b)  For the use and benefit of the USA, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

Unpaid principal balance ...................................... $30,419.91

Subsidy recapture paid.......................................... $54,147.12

Accrued interest at $8.5206 per day due and
unpaid as of November 20, 2014 ........................ $ 6,750.78

TOTAL ........................................................ $91,317.81

Total amount due plaintiff as of November 20, 2014,
Including costs detailed in 5(a)............................ $93,995.17

(c)  In addition, the USA may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)  Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the

        rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

  (e)    In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

  (f)    In order to protect and preserve the mortgaged real estate, it may also become necessary for the plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

  (g)    Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. Alexander County, Illinois, has a valid lien on the above-described property for tax for the year 2014, and the property will be sold subject to the interest of Alexander County, resulting from taxes, general or special, which are a valid lien against the property.

Accordingly the Court **GRANTS** the USA's motion for default judgment (Doc. 13). **JUDGMENT IS HEREBY ENTERED** against Laura M. Wright, and Richard A. Wright, Jr., for $93,995.17. Unless Laura M. Wright, Richard A. Wright, Jr., Robert Hill, and Peggy Hill and their assigns and successors in interest to the above-described property pay to the USA, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $93,995.17 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property **SHALL BE SOLD AT PUBLIC SALE** to the

highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Alexander County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Alexander County Courthouse in the City of Cairo, Illinois.

The property shall be sold free and clear of any claimed lien of Laura M. Wright, Richard A. Wright, Jr., Robert Hill, and Peggy Hill.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

The USA or any party to this case may become the purchaser or purchasers at such sale. Upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILL. COMP. STAT 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the Judgment/Order is entered, since the Court finds that (1) the value of the mortgaged property as of the date of the Judgment/Order is less than 90% of the amount due under 735 ILCS § 5/15-1603, and (2) the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage. 735 ILCS § 5/15-1603 (b) (3).

Out of the proceeds of sale the, the United States Marshal shall retain his disbursements and fees. Out of the remainder of the proceeds, he shall pay to the USA $93,995.17, together with lawful interest to be computed thereon to the date of this Judgment and Order Directing Sale of Mortgaged Property and any court costs of this action.

The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his

report of sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring such surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this Judgment and Order Directing Sale of Mortgaged Property through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described property.

After the 30th day the foreclosure sale is confirmed, the holder of the Certificate of Sale **shall be entitled to immediate possession of the property** upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to said certificate holder immediately upon expiration of the said 30-day time period. In default of mortgagors so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the Certificate of Sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Judgment and Order Directing Sale of Mortgaged Property, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but

the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. The conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to the USA with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court **RETAINS JURISDICTION** over the subject matter and the parties hereto for the explicit purpose of enforcing this Judgment and Order Directing Sale of Mortgaged Property and the United States Marshal shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED.**

**DATED: December 3, 2014**

Digitally signed by David R. Herndon
Date: 2014.12.03 13:51:01 -06'00'

**United States District Judge**